IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE CHARTER OAK FIRE INSURANCE
COMPANY; THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT; and THE
TRAVELERS INDEMNITY COMPANY,                                  PLAINTIFFS,

VS.                                                           CIVIL ACTION NO. 4:07CV0058-P-S

DANNY MUZZI d/b/a D & L FARMS; and
VINCENT MUZZI,                                                DEFENDANTS.

## FINAL JUDGMENT

This matter comes before the court upon Plaintiffs' motion for summary judgment [28]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Pursuant to Fed. R. Civ. P. 56, a party moving for summary judgment must demonstrate that there is no genuine issue of material fact warranting a trial, thereby warranting summary judgment. In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). However, a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 324 (l986).

In the instant case, the plaintiffs, referred hereafter as Travelers, seek a declaration that they do not owe a duty to defend or indemnify their insureds, the Muzzis, for any claims arising from the underlying state-court action filed against the Muzzis by Charlie and Virginia Ellis in the Circuit Court of Sunflower, Mississippi. The primary basis for Traveler's position is that all of the claims

1

asserted by the Ellises are intentional in nature and therefore not an "occurrence" that is covered by any of the eight subject policies.

Travelers' motion for summary judgment recites in twenty-nine pages their arguments as to whey they owe no duty to defend or indemnify. The Muzzis respond to those arguments in five pages, ignoring the vast majority of Travelers' arguments. Travelers in turn filed a nine-page reply.

With regard to the arguments not addressed by the Muzzis, the court concludes that they have not demonstrated a genuine issue of material fact justifying a denial of Travelers' motion for summary judgment, even after viewing the facts in a light most favorable to them. This is so not only because the Muzzis did not address the arguments, but also because the court agrees with Travelers' thorough analysis of the policy language, the legal authorities cited, and the application of that language and authorities to the facts at hand. Accordingly, the court adopts and incorporates those arguments as the opinion of the court.

In their response, the Muzzis argue that (1) the Ellis complaint includes a claim for negligent infliction of emotional distress, which is not an intentional tort and therefore was an "occurrence" according to the applicable policy language because it involves a claim of a "bodily injury"; and (2) since the filing of their complaint, the Ellises have tried to shift their intentional poisoning theory of liability to a chemical drift theory of liability – the latter theory being covered by the specific Chemical Drift Coverage.

As to the first argument, the Muzzis maintain that since the complaint contains a claim for negligent infliction of emotional distress, all of the other causes of action should be read to mean that the claims are alternatively based on negligence rather than intentionality. The Muzzis cite no authority for this proposition, nor does the court believe this argument has merit since the complaint

2

is clearly confined to allegations of intentional conduct.

In further regard to their first argument, the Muzzis assert that negligent infliction of emotional distress claim not only involves a non-intentional claim, it also involves a covered "bodily injury" claim since the Ellis complaint alleges that "these facts amount to, at minimum, the negligent infliction of emotional distress; and, that as a proximate result thereof, he has suffered a cognizable medical condition, clinical depression, which has required medical treatment." The Muzzis argue that the Ellis complaint equates "cognizable medical condition" with a "physical illness" which is included within the subject policies' definition of "bodily injury." The court agrees with Travelers that courts in Mississippi have consistently held that negligent infliction of emotional distress does not involve a "bodily injury" unless there is a physical injury. *Allstate Ins. Co. v. Melton*, 482 F.Supp.2d 775, 782 (S.D.Miss. 2007); *American Nat. Gen. Ins. Co. v. L.T. Jackson*, 203 F.Supp.2d 674, 680 (S.D.Miss. 2001); *Siciliano v. Hudson*, 1996 WL 407562 (N.D.Miss. 1996). Accordingly, since no physical injury is alleged, the court concludes that Ellis's negligent infliction of emotional distress claim is not a "bodily injury" covered under the subject policies.

With regard to the Muzzis' second argument that the Ellises have tried to shift their intentional poisoning theory of liability to a chemical drift theory of liability, the court concludes that the Ellises' claims involving the poisoning of their catfish ponds are clearly couched in terms of intentional conduct which is not covered by the subject Chemical Drift Liability Coverage.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiffs' motion for summary judgment [28] is **GRANTED**; therefore,

(2) The court declares that none of the Plaintiffs owe a duty to defend or indemnify Danny Muzzi d/b/a D & L Farms or Vincent Muzzi under the subject policies for any of the claims asserted

by Charlie and Virginia Ellis in their underlying state-court action currently pending in the Circuit Court of Sunflower County, Mississippi; and

    (3) This case is **CLOSED**.

    **SO ORDERED** this the 11th day of July, A.D., 2008.

                                             /s/ W. Allen Pepper, Jr.
                                             W. ALLEN PEPPER, JR.
                                             UNITED STATES DISTRICT JUDGE